# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 11-021 |
| GREGORY J. HERNANDEZ | SECTION "K"(5) |

## ORDER AND REASONS

Before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside ,or Correct Sentence By a Person in Federal Custody filed by Gregory Hernandez.  (Doc. 41).  Having reviewed the pleading, memoranda and the relevant law, the Court finds no merit in this motion.

**Background**

On January 24, 2011, the government filed a Bill of Information charging Hernandez with one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 and four counts of theft and possession of stolen mail in violation of 18 U.S.C. § 1708.  (Rec. Doc. 1)  After waiving his right to indictment (Rec. Doc. 14), he pleaded guilty to these charges pursuant to a plea agreement which stated:

> Except as otherwise provided in this paragraph, the defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742.  The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

(Rec. Doc. 25 at 2 of 4).

Hernandez was informed at that time that for Count 1, conspiracy to commit bank fraud, he faced a maximum statutory penalty of 30 years imprisonment, and for each of counts 2 through 5, theft of mail and possession of stolen mail, he faced a maximum of 5 years imprisonment, for a possible total statutory maximum term of 50 years in prison.

Hernandez was sentenced on November 2, 2011.  He was informed that the Sentencing Guidelines in his case provided for a term of imprisonment of not less than 37 months but not more than 46 months.  Rec. Doc. 46-2, Transcript of Sentencing, at 4 of 12.  A Motion for Upward Variance based on 18 U.S.C. §33553(a) factors had been filed by the Government on October 25, 2011 and responded to by counsel for the defendant on October 31, 2011.  A full discussion of the facts and circumstances was made at the time of the sentencing.  After full deliberation by the Court, the Court based on the considerations of 18 U.S.C. § 3553 sentenced the defendant to 65 months.

In the instant motion, Hernandez raises four grounds which are:

(1) Congress lacked legislative jurisdiction over all places, addresses and locations listed and alleged in the Government's Bill of Information based, in essence, on the contention that these areas were privately owned locations and not within the jurisdiction of the United States.  As such, Hernandez argues that the crimes were state common law crimes rendering all of his convictions null and *void ab initio*.

(2) The inclusion of the state law crimes in his criminal history calculations under the guidelines was improper as these were "foreign" convictions as per the Commentaries to Chapter Four of the United States Sentencing Guidelines.  He contends that these convictions were obtained "not WITHIN but WITHOUT the jurisdiction of the United States."   Moreover, he contends that he is entitled to re-sentencing based on this argument.

(3) His counsel was grossly ineffective and prejudiced him during his sentencing by failing to object to the legislative jurisdiction as well as the subject-matter jurisdiction of the Court and Congress causing him severe prejudice at his sentencing.

  (4)  Prosecutorial abuse by filing a motion and seeking an upward variance and departure when it filed a motion seeking a downward adjustment for Acceptance of Responsibility and stating that the Government had no objection to the PSI which recommended a sentencing rage of 37 to 46 months.  He maintains that the timing of this action on the day of his sentencing was an abuse of prosecutorial discretion.[1]

**Analysis**

A waiver of post-conviction relief, including relief under 28 U.S.C. § 2255 is valid and enforceable when the waiver of that right is informed and voluntary.  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  "'It is up to the district court to insure that defendant fully understands [his] right to appeal and the consequences of waiving that appeal.'"  *Id.* quoting *United States v. Raty*, 980 F.2d 977, 979 (5th Cir. 1992).

The record in this instance demonstrates clearly that defendant's waiver of his right to post-conviction relief was knowing and voluntary.  First,  the signed plea agreement noted above which was signed both by him and his lawyer delineates with specificity his waiver of his post-conviction appeal rights.  Moreover, at the rearraignment proceeding the following colloquy occurred:

  THE COURT:  The Court will not be able to determine the guideline range for your case until after a Pre-Sentence Report has been completed and you and the Government have had an opportunity to review the facts reported by the Probation Officer and to contest such facts as you may claim are incorrect if any.  You understand that?

---

[1] Two weeks after this motion was filed, he sought to amend and supplement his petition. (Doc. 43). He did not provide any explanation as to the purpose of the amendment and given the frivolous nature of the subject motion, the Court finds that such leave is not warranted.

HERNANDEZ:      I do.

THE COURT:      And after it has been determined what guidelines apply to a case the judge has the authority in some circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines, you understand?

HERNANDEZ:      Yes, sir.

THE COURT:      And do you understand that because of your waiver of appeal under certain circumstances and that you've waived your right, specifically you've waived your right to appeal any sentence that I may impose including your rights to appeal under the statute which provides for review of a sentence and under 28 U.S.C. 2255 which provides for post-conviction remedies that's a legal or constitutional basis for you [to] attack the conviction, but as you've waived these rights you may appeal your conviction and/or sentence only under the following exceptions.  First you may appeal if I impose a sentence in excess of the statutory maximum.  Also, you may appeal your sentence if you can show that you were deprived of certain constitution rights including the effective assistance of counsel.  Do you understand that you're limited–the limited ways you can appeal–

HERNANDEZ:      I do.

| | |
|---|---|
| THE COURT: | –or attack your conviction?  If the sentence I impose is more severe than you expected you'll still be bound by your plea and you'll have no right to withdraw it.  You understand that? |
| HERNANDEZ: | I understand. |

(Rec. Doc. 46-1, Transcript of Rearraignment at 8-9 of 28).

In addition, the Court explained specifically that under the statute to which Hernandez was pleading guilty, that is theft of and possession of stolen mail, "mail is stolen when it has been wrongfully taken from an authorized depository for mail matter with the intent to deprive the owner temporarily or permanently of its use and benefit" and that  "a private mailbox or mail receptacle is an authorized depository for mail matter." *Id.* at 14-15.  The defendant acknowledged that he understood these facts and the elements of the crimes which were explained in great detail.

Moreover, during the rearraignment, the factual basis upon which the conviction stands was read in full.  The factual basis stated that he had stolen from residential and business mailboxes located in New Orleans the checks that were the basis of the crimes charged.  In addition, the defendant and his counsel signed the factual basis and he admitted to the accuracy thereof at the rearraignment. *Id.* at 20-26.

The Court also confirmed that the defendant understood the charges against him, understood the consequences of pleading guilty and was pleading guilty voluntarily and of his own free Will. *Id.* at 26.  "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allosn*, 431 U.S. 63 (1977).  Thus, during the rearraignment proceeding

defendant gave no indication that he did not knowingly and voluntarily waive his rights. As such there was a valid waiver that precludes this motion being considered.

Thus, the only question remains whether Hernandez was denied effective assistance of counsel such that his waiver would be invalid. To prove a valid claim for ineffective assistance of counsel, the petitioner must demonstrate that (1) his counsel's performance was deficient, and (2) his counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the very premise of defendant's claims in the instant motion are ludicrous at best. While U.S.S.G. § 4A1.2(h) does provide, "Sentences resulting form foreign convictions are not counted, but may be considered under § 4A1.3," clearly a state court criminal conviction does not constitute a "foreign" conviction. Likewise the claim that Congress lacked legislative jurisdiction over all places, addresses and locations listed and that the Court and Congress had no the subject-matter jurisdiction over these crimes is likewise specious. Considering these are the bases for the ineffective assistance of counsel claim, defendant has failed to meet the *Strickland* test.

Having knowingly and voluntarily waived his right to seek post-conviction relief and having failed to demonstrate ineffective assistance of counsel,

**IT IS ORDERED** that the Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside ,or Correct Sentence By a Person in Federal Custody filed by Gregory Hernandez. (Doc. 41) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Amend Under Fed. Rul 15(a) is **DENIED**.

New Orleans, Louisiana, this 15th day of August, 2014.

                                      **STANWOOD R. DUVAL, JR.**
                            **UNITED STATES DISTRICT COURT JUDGE**