UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 11-021** |
| **GREGORY HERNANDEZ** | **SECTION "K"** |

## ORDER AND REASONS

Before the Court is a Motion for Downward Adjustment Under 5G1.3 of the U.S.S.G. to Grant Prior Custody Credit Not Awarded by the Bureau of Prisons. The defendant seeks the Court's intervention by requesting a "downward adjustment" of his 24 month supervised release sentence because he contends that the Bureau of Prisons has miscalculated the amount of credit he should be given for prior custody. However, this Court has no jurisdiction to entertain such a request.

Section 3582(b) and (c) of Title 18 of the United States Code provides in relevant part:

> **(b) Effect of finality of judgment.** Notwithstanding the fact that a sentence to imprisonment can subsequently be–
> (1) modified pursuant to the provision of subsection (c);
> (2) corrected pursuant to the provision of rule 35 of the Federal Rules of Criminal Procedure and section 7342; or
> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

18 U.S.C. §3582(b). Moreover, subsection (c) of the statute makes clear that a court may not modify a term of imprisonment once it has been imposed unless the Director of the Bureau of Prisons moves for such a reduction based on enumerated factors and the Court's evaluation of the motion under 18 U.S.C. 3553(a) or if it is allowed under Fed. R. Crim. P. 35. Also, the Court may modify a sentence where the Sentencing Guideline Commission range has been reduced and

applied retroactively which is inapplicable to this case.  *See Dillon v. United States* 560 U.S. 817, 824 (2010).

Thus, the only jurisdictional basis for the Court to address the issue presented would be under Rule 35 or 18 U.S.C. § 3742.   The provisions for modification of a sentence under § 3742 are available to a defendant only upon direct appeal of sentence or conviction.  *United States v. Early*, 27 F.3d 140 (5th Cir. 1994) (citing *Williams v. United States*, 503 U.S. 193 (1992).  No direct appeal was lodged by the defendant; indeed he waived his right to direct appeal in his plea agreement.  Moreover, § 3742 does not permit an appeal beyond the 60-day period set forth in Fed. R. App. Pro. 4(b).  In addition, none of the provisions of Rule 35 applies.  Subsection (a) concerns the correction of an arithmetical, technical or other clear error and must be done within 14 days after the sentencing.  Fed. R. Crim. Pro. 35(a).  Subsection (b) only applies to a government motion based on substantial assistance which is not the case herein.

Thus, the Court is without jurisdiction to amend the defendant's sentence under the law.  Moreover, if the defendant seeks to challenge the execution of his federal sentence, the proper vehicle is under 28 U.S.C. § 2241 and such a proceeding must be brought in the district where a defendant is incarcerated.  *Gallegos-Hernandez*, 688 F.3d  190 ,194 (5th Cir. 2012);  *United States v. Gabor*, 905 F.2d 76 (5th Cir. 1990).  Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion is **DENIED** as the Court lacks jurisdiction over the matter.

New Orleans, Louisiana, this 21st day of September, 2016.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**